IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELFIDA RENEE DURAN,

        Petitioner,

  vs.                                                                                      No. CIV 09-887 JB/LFG

ARLENE HICKSON, Warden, et al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

        This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 10, 2009 [Doc. 1] and supplemented on October 28, 2009 [Doc. 7]. Petitioner Elfida Renee Duran ("Duran") challenges the judgment and sentence entered by the Twelfth Judicial District Court, Otero County, New Mexico, in State v. Duran, No. CR-2005-141.

        After seeking and obtaining clarification of Petitioner's claims, Respondents timely filed an Answer [Doc. 14] on May 24, 2010. In their Answer, Respondents contend that Duran filed a mixed petition which contains both exhausted and unexhausted claims, and they ask the Court to dismiss the entire petition without prejudice.

        Duran filed a Reply to Respondents' Answer [Doc. 16], along with a Motion to Amend Petition [Doc. 15]. In these documents, Duran concedes that she filed a mixed petition but states

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

that she "differs on exactly which grounds are exhausted or unexhausted." [Doc. 16, at 1]. In addition, she asks the Court to permit her to amend her Petition to "include all issues exhausted through her direct appeal and subsequent Writ of Certiorari to the N.M. Supreme Court." [Doc. 15, at 1]. She then lists several grounds, not previously raised in this federal proceeding, which she wants to include in her petition.

For the reasons given below, the Court recommends that the Petition be dismissed without prejudice as a mixed petition. The Court further recommends that the Motion to Amend Petition be denied.

## Procedural History

On August 16, 2005, following a jury trial, Duran was convicted the following felony offenses: distribution of marijuana (second offense); possession of a controlled substance; distribution of marijuana (second of offense), conspiracy; and contributing to the delinquency of a minor. A Judgment and Sentence was entered on October 18, 2005. Duran was found guilty of the four felony offenses and was also found to be an habitual offender. In addition, a judgment of forfeiture was entered as to certain of her property. Duran received a total sentence of 10½ years, to run consecutively to a period of incarceration ordered in a previous case. [Doc. 14, Ex. A, at 1-3].

Duran filed a Notice of Appeal of her conviction on November 4, 2005. On September 21, 2006, while the direct appeal was pending, Duran filed a petition for writ of habeas corpus in state district court. [Doc. 14, Ex. N]. This petition was summarily dismissed on September 27, 2006 pursuant to SCRA 5-802(E)(1), on grounds that Duran's criminal conviction was still on appeal and therefore Petitioner was not entitled to relief as a matter of law. [Doc. 14, Ex. O].

In her direct appeal, Duran raised the following issues, as set forth in her Brief in Chief filed in the New Mexico Court of Appeals on February 21, 2007:

> (1) Prosecutorial misconduct in persisting in leading witnesses to testify to the content of excluded hearsay, and in inappropriately commenting on Defendant's silence;
>
> (2) Insufficient evidence to sustain the convictions for possession with intent to distribute, conspiracy, and contributing to the delinquency of a minor, in that the only evidence at trial of accessory liability in a drug smuggling operation was Duran's proximity to a truck hauling marijuana at a border checkpoint.

[Doc. 14, Ex. G].

On May 15, 2008, the New Mexico Court of Appeals affirmed Duran's conviction, discussing in detail and specifically rejecting each of her arguments based on prosecutorial misconduct and insufficiency of the evidence. [Doc. 14, Ex. J]. Duran's petition for writ of certiorari was denied by the New Mexico Supreme Court on June 24, 2008. [Doc. 14, Ex. M].

On August 28, 2009, Duran filed a Motion to Amend Judgment and Sentence in state court [Doc. 14, Ex. P], seeking to have her sentence run concurrently with the sentence in the prior case. No other issues were raised in this motion, which was denied by the state district court on September 1, 2009 [Doc. 14, Ex. Q].

Other than the premature habeas petition filed in September 2006, Duran did not seek habeas relief in the state courts. She filed this federal habeas petition on September 10, 2009.

## **Discussion**

In her initial Petition in this Court, as well as in her amended Petition, Duran raises the following three grounds for federal habeas relief:

> (1) Cruel and unusual punishment and violation of Fourth Amendment rights due to an illegal search;
>
> (2) Ineffective assistance of counsel in failing to obtain necessary witnesses for the defense;

3

>    (3) Conviction obtained by violation of the privilege against self-incrimination.

[Doc. 1, at 3; Doc. 7, at 5-9].

In its Answer, the government argues that Duran filed a mixed petition subject to dismissal without prejudice, in that only one of the grounds raised in the petition was raised and decided by the state courts – that is, Ground One, the allegation that evidence was obtained by means of an illegal search. The government contends that Grounds Two and Three were never raised in any state court and those grounds therefore remain unexhausted.

In her Motion to Amend, Duran concedes that she filed a mixed petition:

> Petitioner is in agreement that the Petition is a mixed petition of both "exhausted and unexhausted" claims. With all due respect to Respondents, however, Petitioner differs on exactly which grounds are exhausted or unexhausted.
>
> Regarding ground two of the federal Petition, Petitioner concedes this argument to Respondents . . . . The issue of ineffective assistance of counsel was mentioned only as a ground in a non-specific manner in Petitioner's state habeas. Petitioner has not fully articulated the ground nor has she laid the foundation fairly before the State Courts to comply with the policy of comity.

[Doc. 16, at 1-2]. Duran goes on to argue that she did in fact raise Ground Three in state court – that is, the claim that her rights against self-incrimination were violated. She requests, in her Motion to Amend, that she be allowed to include additional arguments and new grounds not mentioned in her first and amended petitions in this Court. She contends that these additional grounds were raised in her direct appeal in state court and are therefore fully exhausted.

The Court denies this request. Adding additional grounds to a mixed petition, even if each of the proposed additional grounds has been fully exhausted, does not change the nature of the petition as "mixed." Duran concedes that Ground Two, the allegation of ineffective assistance of

counsel, was never raised or decided in state court. Duran and the government are in agreement that other grounds raised in the petition have been fully exhausted, although they disagree as to which grounds are exhausted. In any event, all parties agree that this is a mixed petition.

This means that the state courts have not been given the chance to consider and resolve Duran's unexhausted claim or claims.

> Exhaustion of state court remedies is normally required. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Hinzo v. Tapia, No. 10-2043, 2010 WL 1981038, at *2 (10th Cir. May 19, 2010). In this case, Duran failed to present at least one of her claims to the state's highest court.

> The plain language of § 2254(b)(2), as well as its legislative history and prior case law, point to a conclusion that a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits. There is no authorization to adopt . . . [a] hybrid approach.

Moore v. Schoeman, 288 F.3d 1231, 1235-36 (10th Cir. 2002).

In the present case, the Court finds that, in the interests of comity between state and federal courts, dismissal of the entire petition without prejudice is the best option. Duran may take any of her unexhausted claims to the state courts by way of a petition of habeas corpus, thus giving the courts of New Mexico an opportunity to consider and resolve her claims.

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings . . . . Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution . . . . Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to

> correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (internal punctuation omitted).

The Court will dismiss Duran's entire petition without prejudice, to allow her to pursue and exhaust her claims in state court. If, after she fully exhausts her claims, she still wishes to present her claims to a federal court, Duran may file a new petition in this Court. A dismissal of the present petition, without prejudice, will not result in the new petition being considered "second or successive." Duran is further advised to heed the time limitations set forth in 28 U.S.C. § 2244(d).

## **Recommended Disposition**

That Petitioner's Motion to Amend Petition [Doc. 15] be denied, and that the entire Petition be dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge